I would like to request two minutes rebuttal time if I may. Thank you. This matter involves two questions of law. Petitioner in this matter in 2003 spent over 180 days in jail, pre-trial, pre-plea, pre-sentence, awaiting her trial for a charge of misprison of felony. She was ultimately convicted of misprison of felony and referred to removal proceedings before the immigration judge. The initial immigration judge in these proceedings found that my client, petitioner, was amenable for cancellation of removal as a defense to removal. That judge was transferred to a different court. A visiting judge came in and found that because petitioner was convicted of misprison of a felony and because petitioner spent over 180 days pre-sentence, she necessarily was convicted of a crime of moral turpitude categorically and she necessarily is a person lacking good moral character. Therefore, the second immigration judge pre-terminated all relief. The board... You used the term pre-sentence. Didn't the judge basically look at the immigration regulation and say in looking at the amount of time that she spent in jail as punishment for what she was ultimately convicted of, because it's more than 180 days, she's disqualified by the statute for the length that she speaks. Isn't that what he said? The statute is clear. The statute talks about an individual lacks good moral character if they spend 180 days in incarceration as a result of a conviction. In this matter, petitioner had to spend 180 days pre-trial, pre-plea, pre-sentence because she had an immigration hold on her. She couldn't bond out. She literally was stuck waiting for her trial. That was not... If the person has been incarcerated or in prison for more than 180 days, they are statutorily ineligible for that form of relief. No. What the statute says is if one... And I can actually read the statute. One who is in... Let me just find it for a second here. 101F7 of the Act. A person who is confined as a result of a conviction to a penal institution for an aggregate period of 180 days necessarily lacks good moral character for that period of time. As a result, by anyone's... What was the judgment and commitment? What punishment did the court order? My understanding is she was convicted to 21 months. 21 months? Yes. Okay. So why do I care that she was on an immigration hold and would not have been allowed to bond out if what we're really talking about here is whether credit for time served should count towards the 180 days? Well, the court didn't... Congress has not held that necessarily an individual who is given credit for time served can count that time towards the 180-day period. In fact, the courts have held the opposite. That's a matter of... I guess you'd call it grace, is it not? I mean, essentially, courts order it, and I believe in California there's a statute that may either require it or strongly encourage it, but bottom line is if you get sentenced to 21 months, you get credit for whatever the time is that you've been in jail since you were arrested. I understand that. But if Congress intended for that period of time to necessarily count towards a finding of an individual lacking good moral character, they would have made the statute clear. The statute would have read any person who was confined and convicted of a crime... Wasn't Congress really concerned about aliens who commit crimes for which they are imprisoned for more than 180 days? And if this defendant was sentenced to 21 months and perhaps was able to make bond and hadn't had to serve any time, then she would have served some or most of the 21 months, correct? That's true. That's true. Because you wouldn't have an argument at all. Absolutely, Your Honor. Look, it's logically the consequence. I know you think of your brief suggests that you're reading results solely as a temporal limitation, but the dictionary definition of result uses the word consequence. And it certainly seems like the logical consequence or the penal consequence of the sentence is more than 180 days in prison, regardless of temporally when it was served. That's true. In fact, I was expecting that would come up, and I actually looked up the definition of consequence. Well, first of all, the definition of result, according to Webster, is to proceed or arise as a consequence. The definition of consequence is the effect of something occurring earlier. So therefore, that temporal element is there. But the consequence of the conviction is a 21-month sentence, correct? But she gets credit out of the grace of the sovereign for the time that she spent in jail against the consequence or the result, which was a 21-month sentence. Right. But again, applying Chevron, if you look at the plain language, if you look at the dictionary definition of the statute, statute does not indicate that pre-sentencing should count towards a finding of one lacking good moral character. But if the sentence was 21 months, what difference does it make? Well, Your Honor, I'd also submit that this individual, unfortunately aliens detained and facing criminal charges are almost always subject to immigration holds, meaning they're stuck awaiting for their trial. So couldn't it be the case that an individual who had to spend six months waiting for their trial and ultimately pled guilty, what skin off the back of the court is to give them a six-month sentence? They've already spent the time anyway. I think the difference is that if you have a credit for time served, you're getting credit against the ultimate sentence. If you're saying, well, we're not going to credit your pretrial detention at all, we're going to impose a new sentence, it may be a different matter. I mean, I would agree with you that pretrial detention in and of itself doesn't mean anything in this context. But when you get a credit for it against the sentence, it would seem to mean something as a result of the conviction, not anything else. If Congress intended that, they could have rephrased the statute. So do you want to give judges an incentive to say, well, look, I want this to have immigration consequences, so now you've got to put them in jail for another 180 days rather than giving them credit? I think that the judges, as I stated earlier, may be more inclined to mete out a harsher penalty because these people have already served their time. Well, served time, not their time, but served time, not as a consequence of conviction, but served time awaiting their trial. And, therefore, if they've served their time and they're going to plead guilty, why not give them the upper sentence? The other matter in this case, if I can sort of shift gears a bit, Your Honors, is, which has been mentioned here earlier today, Navarro-Lopez. Navarro-Lopez, the end bank decision from September holds that, excuse me, the accessory after the fact under California Penal Code, I think it's 32, is not categorically a crime of moral turpitude. My client, Petitioner, was convicted of misprisonment of a felony. If you look at the definitions of misprisonment of a felony and accessory after the fact, they're essentially identical. So it's illogical for this Court to hold that one convicted of misprisonment of a felony categorically would lack good moral character. Do we have to reach that issue if we could resolve the first issue that you talked about? Well, they go to slightly different, they are slightly different issues. One involves a crime of moral turpitude. The other one involves good moral character. And the INA does treat those differently. Both of them are bars to certain forms of immigration relief. But I think that this Court If we resolve the first issue against you, why would we need to opine on an issue that we have not yet ruled on? I believe that based on, for example, one of the forms of relief that Petitioner requested was voluntary departure. My understanding of voluntary departure is that one needs to be, well, pre-trialed voluntary departure. My understanding is one can lack good moral character and still be amenable to pre-hearing voluntary departure. Whereas if one is convicted of crime of moral turpitude, I'm not certain, but I think that might be a bar to a form of relief. You believe that there are different immigration consequences to each? I believe. They sound the same. But they're actually very distinct, statutorily distinct. Do you want to reserve some time for rebuttal? Yes, Your Honor. Good morning, Your Honors. My name is David Shore. I represent the Attorney General in this matter. This is a case involving a conceitedly removable alien who was denied cancellation of removal on two alternative bases. One is the good moral character issue, which is 180 days confinement as a result of conviction. The other is the other basis was in this prison of a felony is a crime involving moral turpitude. As an initial matter, the Petitioner in this matter failed to raise to the Board any challenge regarding the duration of the sentence, and the Court lacks jurisdiction due to the Petitioner's failure to exhaust that issue. And that issue is dispositive of this matter. And with regard to voluntary departure, Your Honor, the Petitioner did not appeal voluntary departure to the Board and has also failed to exhaust that issue. And you're saying that the claim was not exhausted before the BIA of the 180-day issue? Is that the point you're making? Yes, Your Honor. And you base that on what? In the record, we have, I think, the opposing party cites a baby for saying that the IJ's decision on that issue is incorporated into the BIA's decision. In the Board's decision in this case, Your Honor, the Board explicitly stated that Petitioner does not bring any meaningful challenge to that ground, to the 101-F good moral character ground. And what you do is that gets it into the specifically not ruling on that issue that was in a baby? You're saying that the BIA specifically or expressly did not rule, so it's not incorporated? Yes, Your Honor. Well, then doesn't that hurt you? Because then we just deal with the BIA decision and not with the IJ. The BIA didn't deal with the second alternative, right? It just dealt with the misprison issue? The BIA noted that the Petitioner did not meaningfully challenge it. And the BIA noted, well, I could be mistaken when I say this, actually, but that issue is dispositive, certainly. And the BIA noted that she brought no challenge to it. So it's not exhausted and it's sufficient to resolve her claim, is that your point? Yes, Your Honor. I guess I'm probably not listening to you carefully or not understanding what you're saying. The BIA didn't deal with the alternative grounds, correct? The BIA adopted and affirmed the immigration judge's decision, but noted in its adoptance, in adopting the decision, it noted that there was no meaningful challenge to that ground. Well, a meaningful challenge is still a challenge. I mean, even if it's not meaningful, it's a challenge, right? Yes, Your Honor. I mean, we're just talking about administrative exhaustion. So if you challenge it, why haven't you exhausted it? This argument was never raised regarding the duration of the sentence. What was stated, it only appears not in the brief at all, but in the notice of appeal to the board. Okay. So why isn't that sufficient to exhaust it? It didn't sufficiently put the board on notice of this challenge. What was the ground of the challenge to the 180A, the good moral character issue? In the notice of appeal, Your Honor, the challenge was it didn't appear to be completely coherent of a statement. It said petitioner's sentence for misdemeanor does not disqualify her under Section 42A of the Act. I'm not aware of a Section 42A of the Act. What's your view of a Bourbonno Affirmance? What's the board doing? The board is adopting the immigration judge's decision. Okay. So the board is adopting the decision, and in this case it expands on the moral turpitude, right? Yes. So if it's adopting the board, if the decision, and we said in the BB that a Bourbonno Affirmance means that they can raise it on appeal, what's the problem with exhaustion? When the board adopted the decision here, it noted that there was no challenge, no meaningful challenge, Your Honor, to that. Had the petitioner made a meaningful challenge, then we can only speculate as to whether or not the board would have adopted or would have added additional comments in that case. Well, if the board had said that petitioner didn't exhaust, that would be one thing. But to me, there's a difference between a meaningful challenge and a challenge that's sufficient to preserve or to exhaust the issue administratively. And if you raise it, you've exhausted it. Meaningful challenge to me means it's not a good argument. It perhaps is frivolous. But that's different from the question of exhaustion, it seems to me. That is the government's position, Your Honor. Does the government prefer to have us rule on the legal issue? It is an open question, and the circuit is not. Well, Your Honor, this court has actually said in U.S. v. Rodriguez that a sentence to time served is equal to a sentence of the duration of the time served. In addition, the Second Circuit has ruled on the issue explicitly, and there's, in fact, a published board precedent on this issue, saying that day-for-day credited pre-conviction detention effectively becomes time served as a result of time served. And on that basis alone, the court should deny the petition for review. Before I leave that, though, because I want to follow up on what Judge Thomas said, I mean, your position is it's not exhausted. Yes, Your Honor. If we were to disagree with you on that, what do you think is the appropriate remedy? Should we decide that question in the first instance, or should we remand it to the BIA for it to decide? The board adopted and affirmed, so it certainly dealt with this issue, which is dispositive. However, the board, in adopting and affirming, noted that there was no meaningful challenge, and our position that because there was not a meaningful challenge and this argument was not raised to the board, this argument is not exhausted. But the board did address the issue here. Yes, my question was, if we hypothetically decided that the issue had been sufficiently exhausted from an administrative exhaustion point of view, what's your position? We don't have jurisdiction. If we disagree with you, should we deal with it straight up, or should we remand it to the BIA for its decision? My position is yes, that if this Court determines that the Petitioner did sufficiently exhaust the issue, then the argument is meritless, because credited pre-conviction detention effectively becomes part of the time of imprisonment. If there are no additional questions, Your Honor, then the government will submit on the briefs. Okay. Thank you, Your Honor. Your Honors, I wrote the BIA appeal, and I clearly believe strongly that there's no failure to exhaust here. Granted, I focused on the misprisonment of a felony heavily in the brief. I did mention the 180-day issue in my notice of appeal. I did not mention it much in the brief. I believe it's at the end of my notice of appeal. I think it might be the last sentence, if I'm not mistaken. I don't have it with me, Your Honor. But I clearly mentioned it, and the government's conceded that I've mentioned it in the notice of appeal, so that's not an issue here. And, again, this was a Bourbonno Affirmation, and according to Abebe, it's an interpretation of a Bono. If there's a Bono Affirmation by the Board, all issues come up to the Ninth Circuit if the case is at the Ninth Circuit, and all issues are fair game. And I think the real issue here should go to the central core legal arguments as to whether or not misprisonment of a felony is a crime of moral turpitude, whether or not 180 days pre-sentence can categorically deem one to lack moral turpitude. I would, on the 180-day matter, I failed to mention previously when I was up here that the court has found in Gomez-Lopez v. Ashcroft that pretrial detention does not count towards a 180-day period. It's a dicta. It's in a footnote. In 2005, this court found that. So there is precedent in this court. It's Gomez-Lopez v. Ashcroft, 393 F. 3rd, 882. It did, but it also talked specifically about the 101 F. 7, the immigration statute. Well, I think it is the same context. The statute is pretty simple. If you spend 180 days in a penal institution, you lack good moral character. There's no question about being credited for time served. It was just saying that wouldn't normally count. But there was no discussion of the particular issue. I understand what you're saying. I don't recall whether there was credit for time served in that case or not. But it's pretty clear there's credit for time served in this case, right? Yes. Okay. I'm just looking at the skit of Judge Carlson's decision. Where does it say it's credit for time served in that decision? Do you know? Well, I'm assuming there was credit for time served in this case. She served two weeks of a 21-month sentence after she was sentenced. So I'm assuming there's credit for time served. The record, the administrative record of this matter has very little information about the criminal case. There is, I think, one page and a 400-page administrative record relating to the criminal case. So I have not seen much of the information. No, but I mean, my point is this one thing, at least as far as I'm concerned, if the court says, yes, I'm giving you credit for time served, it's something entirely different if you're saying, all right, here's your sentence, two weeks, and I'm discharging the rest of your sentence. I understand. You don't know. But I still think under the statutory interpretation of 101F7 that it doesn't matter. Yeah. Okay. Any further questions? Thank you.
judges: Thomas, Tallman, Ikuta